UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

NANCY-ANN SILEO,

     Plaintiff,

v.                         CASE No. 8:08-CV-1235-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

     Defendant.

_____

## O R D E R

The plaintiff in this case seeks judicial review of the denial of

her claim for Social Security disability benefits.[1] Because the decision of the

Commissioner of Social Security is supported by substantial evidence and the

plaintiff has not identified any reversible error, the decision will be affirmed.

I.

The plaintiff, who was thirty-nine years old at the time of the

administrative hearing and who has a high school education, has worked as

a bill collector, casino cashier, training instructor, and a general clerk (Tr. 92,

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United
States Magistrate Judge (Doc. 15).

274, 293).  She filed a claim for Social Security disability benefits, alleging

that she became disabled due to back and neck injuries, vertigo, numbness in

her right arm, nerve damage, and dizzy spells (Tr. 56).  The claim was denied

initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing

before an administrative law judge.  The law judge found that the plaintiff has

severe impairments consisting of "chronic neck and back pain, secondary to

cervical and lumbar surgeries" (Tr. 14).  The law judge concluded that these

impairments restricted the plaintiff to performing sedentary work with a

sit/stand option, and only occasional bending, stooping, climbing and

crouching (Tr. 16).  Additionally, he found that she cannot do work that

involves more than frequent movement above shoulder height (id.).  Based

upon the testimony of a vocational expert, the law judge determined that the

plaintiff could return to past work as a cashier at a casino (Tr. 19, 293).

Additionally, the law judge decided, in light of testimony from the vocational

expert, that the plaintiff could perform other jobs that exist in significant

numbers in the national economy, such as order clerk and sorter (Tr. 20, 294).

The plaintiff was therefore found not disabled (Tr. 20).  The Appeals Council

let the decision of the law judge stand as the final decision of the defendant.

II.

A.  In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. 423(d)(1)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. 423(d)(3).  The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A). The plaintiff must also show that she became disabled before her insured status expired on December 31, 2005, in order to receive disability benefits.  42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales,

402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004) (en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper

legal standards were applied and legal requirements were met. <u>Lamb</u> v. <u>Bowen</u>, 847 F.2d 698, 701 (11th Cir. 1988).

B. The Commissioner's regulations set out what is termed a "sequential" analysis for deciding disability claims. <u>See</u> 20 C.F.R. 404.1520. One of the threshold inquiries (step two) is whether a claimant has a severe impairment. 20 C.F.R. 404.1520(c). An impairment is not severe if it does not significantly limit a claimant's physical or mental abilities to do basic work activities. 20 C.F.R. 404.1521(a). If an impairment is not severe, then a claimant is deemed to be not disabled. 20 C.F.R. 404.1520(c).

When an impairment is severe, but does not meet, or equal, a listed impairment (step three), a further inquiry (step four) is made as to whether the impairment prevents the claimant from doing past relevant work. 20 C.F.R. 404.1520(f). If a claimant cannot do such work, an additional determination (step five) is made concerning whether the claimant can perform other work which exists in substantial numbers in the national economy. 20 C.F.R. 404.1520(g). In such cases, the regulations direct that an individual's residual functional capacity, age, education and work experience be considered in determining whether the claimant is disabled.

III.

In 2005, the plaintiff filed an application for disability insurance

benefits, alleging that she became disabled five years earlier due to neck and

back pains caused by an automobile accident in August 1999 (Tr. 276). The

law judge found that the plaintiff's back and neck pains were severe

impairments that greatly limited her residual functional capacity, but that she

was not totally disabled. The plaintiff raises four specific issues in

challenging the law judge's decision. None warrants reversal.

A. The plaintiff first contends that the law judge erred by

finding that she could return to her past work as a cashier at a casino (Doc.

25, pp. 9-11). The plaintiff stated in her Work History Report that she was

previously a casino cashier (Tr. 92), and that her duties were to "make change

for customers and handle money transactions" (Tr. 94). The vocational

expert identified this prior work as "cashier, gambling," and stated that it is

a sedentary, semi-skilled job that is not precluded by the plaintiff's residual

functional capacity (Tr. 293-94).

The plaintiff argues that the law judge erroneously concluded

that she could work as a casino cashier because the job, as she performed it,

required her to stand for seven hours a day (Doc. 25, p. 10). The plaintiff

appears to recognize that an ability to return to work exists either if the plaintiff can do the job as she actually performed it, or if she can perform the job as it is done in the national economy (id.). See Jones v. Apfel, 190 F.3d 1224 (11th Cir. 1999); Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986). Since the issue is, therefore, whether she can perform the job of casino cashier as that job is performed in the national economy, the plaintiff contends that she misidentified her job as casino cashier, so that the law judge should have inquired whether this prior work was "a different job altogether" (id.).

This contention is meritless. The vocational expert determined the plaintiff was a casino cashier based on the plaintiff's duties of "ma[king] change for customers and handl[ing] money transactions" (Tr. 94). Significantly, the plaintiff does not suggest another job title for this work.

Furthermore, the plaintiff was represented at the hearing by an attorney who cross-examined the vocational expert (Tr. 294). If plaintiff's counsel had any doubt whether the plaintiff's previous work was accurately characterized as casino cashier, the attorney could have simply asked the vocational expert about it. See Jones v. Apfel, supra, 190 F.3d at 1228 (Once the expert identifies jobs that the plaintiff can perform, the burden switches

to the plaintiff to prove that she was unable to perform those jobs.).
Accordingly, the law judge reasonably accepted the uncontroverted testimony
of the vocational expert (Tr. 19-20), who has worked in the field for forty
years (Tr. 25-27).[2]

Moreover, even if the law judge erred in not making further
inquiry regarding the plaintiff's prior job as a casino cashier (and he did not
err), the error would be harmless. In this case, the law judge did not stop at
step four of the sequential analysis regarding past work, but proceeded to the
fifth step in the analysis and determined that there is other work that the
plaintiff could perform in the national economy. Thus, the law judge
additionally found, based on the testimony of the vocational expert, that an
individual with the plaintiff's residual functional capacity could perform the
jobs of order clerk and sorter (Tr. 20, 294). The plaintiff does not mention,

---

[2]The plaintiff also suggests that substantial evidence does not support the law judge's finding that she could return to past work as a casino cashier because the law judge "failed to make a determination as to whether Plaintiff could perform the mental demands of the cashier/gambling job" (Doc. 25, p. 11). However, in light of the conclusion that the plaintiff did not have a severe mental impairment, this argument is meritless. Thus, the law judge is not required to include in the hypothetical question allegations that have been properly rejected. Crawford v. Commissioner of Social Security, 363 F.3d 1155, 1161 (11th Cir. 2004).

or challenge, this additional finding. Therefore, even if she could not perform past work, the plaintiff has failed to show that the law judge erred in finding that the plaintiff could perform other work in the national economy and therefore was not disabled.

B. The plaintiff next argues that the law judge failed to consider properly the opinion of one-time examining neurologist Dr. Robert Martinez (Doc. 25, pp. 11-13). After examining the plaintiff in March 2005, and without reviewing her medical records, Dr. Martinez opined that the plaintiff "is 100% permanently, totally disabled, unable to work, function, or compete in a competitive job environment for the rest of her life" (Tr. 211; see Tr. 205-12).

The law judge correctly noted that, as a one-time examining physician, Dr. Martinez's opinion "is not entitled to controlling weight or special significance (SSR 96-5P) " (Tr. 15). Crawford v. Commissioner of Social Security, supra, 363 F.3d at 1160; McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). The law judge acknowledged in his decision Dr. Martinez's opinion that the plaintiff is totally disabled and concluded that it was entitled to little weight (Tr. 15, 18). Thus, he stated (Tr. 18):

> Dr. Martinez was only able to examine the claimant
> once; he does not have a treatment history with the
> claimant and his own clinical or laboratory findings
> do not support his statement. He reported that
> there was no evidence of complex regional pain
> syndrome; the Adson's test and Tinel's sign was
> [sic] negative. There was no evidence of atrophy
> and her motor and sensory examination was
> normal. In addition, no deficits in her reflexes
> were observed.

The law judge also inferred that Dr. Martinez was sympathetic to the plaintiff (see Tr. 19).

This explanation provided an adequate basis for discounting the opinion of Dr. Martinez. He was not a treating physician, and his opinion of disability was conclusory. Thus, other than stating that the plaintiff should [n]ot ... lift greater than 10 pounds from a bent position," he does not identify any specific functional limitations (Tr. 212). Significantly, the Commissioner contacted Dr. Martinez for additional information to support the opinion of total disability, but Dr. Martinez was unable to provide any (Tr. 203). The conclusory nature of the opinion alone would justify discounting the opinion, even if Dr. Martinez had been a treating physician. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Moreover, the law judge correctly states that Dr. Martinez's opinion of total disability is not supported by several of the doctor's own examination findings, including normal strength, sensory and reflexes examinations, and the absence of atrophy or fasciculation (Tr. 208-10). Further, Dr. Martinez recommended conservative treatment (Tr. 211-12).

The plaintiff argues that Dr. Martinez's findings were improperly rejected because they were consistent "with the October 21, 2001 MRI reports and the 2002 medical records from Dr. Rydell and Dr. Turner" (Doc. 25, p. 11).[3] This contention should be disregarded because, in contravention of the scheduling Order, the plaintiff failed to develop this argument properly by citing to medical findings that purportedly compelled the law judge to accept Dr. Martinez's opinion (see Doc.13).

Regardless, the argument lacks merit because there are medical records from this time period which are not consistent with a finding of total disability (see, e.g., Tr. 114, 118). Furthermore, records from several years earlier do not compel a finding of disability in this circumstance because, after the plaintiff underwent surgery in 2002, she sought no medical attention

---

[3]It is noted that, since Dr. Martinez did not review the plaintiff's medical records (see Tr. 212), these records obviously were not a basis for his opinion of total disability.

for these impairments for more than two years, which suggests that the surgery improved her condition.

The plaintiff argues also that there was no basis to reject Dr. Martinez's opinion because the record does not contain any contrary medical opinions from the pertinent time period (Doc. 25, p. 11). This contention is incorrect (Tr. 179). Dr. George S. Sidhom, the plaintiff's treating pain management doctor, opined in a Treating/Examining Source Statement of Physical Capacity that the plaintiff can walk one-half mile unassisted; occasionally lift up to twenty pounds; and that she can sit, stand, and walk sufficiently to perform (at least) sedentary work with a sit/stand option (Tr. 179, 277).[4]

The law judge gave controlling weight to Dr. Sidhom's assessment of the plaintiff's functioning, noting that he was a treating physician whose opinion was generally consistent with the overall objective medical evidence of record (Tr. 19). The plaintiff argues, unpersuasively, that Dr. Sidhom's opinion should not be given any weight because the "Physical Source Statement was not completed properly, he only saw Plaintiff once

---

[4]Although the statement is dated May 2. 2006. the statement indicates that it considers conditions existing since July 27, 2005 (see Tr. 179).

before completing it and he never even examined Plaintiff" (Doc. 25, p. 13).

These assertions are erroneous.

The plaintiff challenges the answers to questions five through seven on the treating source statement (Doc. 25, p. 12). Those questions are (Tr. 179) (emphasis in original):

5. Is Ms. Sileo **unable** to stand for 2 hours in an 8 hour work day? **(Please circle one)**

Frequently (1/3-2/3 workday)   Occasionally (up to 1/3 workday)   NR (No Restriction)
Unable                          Unable

6. Is the claimant **unable** to walk for 2 hours in an 8 hour work day? **(Please circle one)**

Frequently (1/3-2/3 workday)   Occasionally (up to 1/3 workday)   NR (No Restriction)
Unable                          Unable

7. Is the claimant **unable** to sit 6 hours in an 8 hour workday? **(Please circle one)**

Frequently (1/3-2/3 workday)   Occasionally (up to 1/3 workday)   NR (No Restriction)
Unable                          Unable

Dr. Sidhom, on all three questions, circled "Occasionally Unable" (id.).

The plaintiff contends that this constitutes two answers to one question: "Occasionally" and "Unable" (Doc. 25, p. 12). This is a clear misreading of the form. The three possible answers are "Frequently Unable," "Occasionally Unable," and "No Restriction." This is clear because, if

"Unable" was a separate answer, there would be two separate and redundant answers of "Unable" for each question.[5]

Furthermore, Dr. Sidhom's treatment notes reflect that he conducted physical examinations during the plaintiff's appointments (see Tr. 173-75). Moreover, his treatment notes of January 6, 2006, refer to a "follow-up and reassessment," so that he would have seen the plaintiff at least twice before providing his statement (see Tr. 173). Dr. Sidhom was still the plaintiff's pain management doctor at the time of the administrative hearing on September 20, 2007 (Tr. 277), and there is no indication even at that point that he had changed his opinion. In addition, it is not enough for the plaintiff simply to suggest reasons why the law judge might have discounted Dr. Sidhom's opinion; she had to point to evidence that compelled such a determination. She plainly has not identified any such evidence. Therefore, the plaintiff has failed to show that it was error for the law judge to give Dr. Sidhom's opinions controlling weight. See Crawford v. Commissioner of Social Security, supra, 363 F.3d at 1159.

_____

[5]The form, which was apparently drafted by the plaintiff's prior counsel, is not entirely clear. The questions at issue would have been worded better if they asked if the plaintiff was "able" (not "unable") to perform the specified function. In any event, the law judge made sense of the inartful questions by including a sit/stand option with the limitation to sedentary work. Significantly, the plaintiff has not raised any challenge along these lines.

In sum, the law judge could reasonably give controlling weight to the opinions of Dr. Sidhom and could reasonably discount the opinions of Dr. Martinez. Those determinations provide substantial evidence supporting the law judge's finding that the plaintiff is not totally disabled.

C.  The plaintiff argues further that the law judge "Failed to Consider Plaintiff's Subjective Complaints of Pain" (Doc. 25, p. 13).  This argument similarly lacks merit.

The plaintiff testified at the hearing that she has pain in her lower back that radiates into her legs (Tr. 275-76).  She states that she can walk for ten to fifteen minutes, sit for one to two hours, and stand for three to five minutes in one place (Tr. 275).  In order to alleviate the pain, she changes positions frequently, takes pain medication, and lays down four or five times daily, for twenty minutes to two hours (Tr. 276, 279).  The law judge acknowledged the plaintiff's testimony in his decision (Tr. 17), but did not find it fully credible (Tr. 18, 19).

The Eleventh Circuit has articulated a standard for assessing allegations of pain and other subjective complaints.   As the court of appeals explained in  Landry v. Heckler, 782 F.2d 1551, 1553 (11th Cir. 1986), the pain standard "required evidence of an underlying medical condition and (1)

objective medical evidence that confirms the severity of the alleged pain arising from that condition or (2) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." If the law judge concludes that there is an objectively determined medical condition which could reasonably be expected to produce disabling pain, the law judge "must evaluate the credibility of claimant's testimony as to pain, and must express a reasonable basis for rejecting such testimony." Hand v. Heckler, 761 F.2d 1545, 1549 n.6 (11th Cir. 1985).

The law judge referred to the pertinent regulation and Social Security Rulings governing the assessment of subjective complaints of pain, thereby demonstrating that the law judge appropriately applied the governing standards (Tr. 16-18). See Wilson v. Barnhart, 284 F.3d 1219, 1225-26 (11th Cir. 2002). Notably, the law judge did not wholly discount the plaintiff's complaints of pain (Tr. 18-19). Thus, the law judge stated (Tr. 18):

> The undersigned[] does not imply that the claimant is symptom[]-free, but a review of the evidence in this case persuades the undersigned that the claimant's complaints of pain and incapacitation are not credible when viewed in light of the medical findings and the claimant's own testimony. Furthermore, treating physician, Dr. Sidhom[,] assessed that she could perform at least sedentary work. Moreover, her lack of medical treatment

throughout the years and dosage of pain medication do not support her alleged severity of impairments...(Ex. F/25, 97, 135, 141,145, 153-154).

The law judge then explained this credibility determination in detail (Tr. 19)(emphasis in original):

[T]he undersigned notes that the claimant's subjective complaints are credible to the extent that they are supported by the evidence of record as summarized in the text of this decision. Although[] the claimant has had two neck surgeries and one lumbar surgery as a result of a car accident in 1999, there are significant gaps in the record regarding medical treatment. First, the claimant did not apply for disability benefits until five years after her alleged onset date of disability. Secondly, after her initial surgeries in February 2000, her symptoms are minor at best. She complains of pain anew and MRI's are performed in October 2001, that confirm problems in the cervical and lumbar spine. The claimant then has a third surgery in February 2002, of the neck. Again there is basically a gap in the medical treatment in 2003; specifically, the claimant sees a doctor only three times and cancels one appointment. Thereafter, there are no medical records in 2004. In early 2005, the claimant seeks treatment from Dr. Martinez and he appears to be sympathetic and says she is disabled but only sees her once and cannot, therefore, be considered a treating physician. Further, Dr. Sidhom then sees her as a pain specialist in 2006 and 2007 and determines that she can basically perform **sedentary to light exertional level work**. Lastly, this is a young lady who appears to have received

benefits from her surgeries and stopped seeing her
doctors after each procedure for a year or more.
She now apparently suffers from residual pain but
Dr. Sidhom says it is controlled. Therefore, to the
extent that the claimant contends that she would be
rendered by her subjective complaints completely
incapable of performing even some sedentary to
light work, the undersigned finds this contention to
be less than entirely credible when compared to the
record as a whole (Social Security Ruling 96-3P
and 96-7P).

Thus, contrary to the plaintiff's contention, the law judge's credibility finding

was not "simply a broad statement which was not supported by any

meaningful analysis" (Doc. 25, p. 14). Further, it is clearly sufficient to

discount the plaintiff's allegations of disabling pain. See Heppell-Libansky

v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 (11th Cir. 2006)

(unpub. dec.).

The credibility determination, moreover, is supported by

substantial evidence. The law judge relies primarily upon large gaps in

medical treatment, and the opinion of her treating pain management physician

that her pain was controlled. In this connection, the record reflects that, after

the plaintiff's last surgery in 2002, more than two years passed before she

sought treatment for her back. Thus, there were no physician visits in 2004,

and the physician visits in 2003 were for sinusitis, not back or neck pain (Tr.

193-96).[6] The record, furthermore, reflects only sporadic physician visits after 2004 (Tr. 173,174, 191-92, 205). Therefore, the law judge could reasonably infer under these circumstances that her condition had improved.

Furthermore, the law judge accepted that the plaintiff subsequently experienced residual pain, but reasonably relied upon the reports of her treating pain management physician to conclude that it was not disabling (Tr. 19). In this connection, it is noted that Dr. Sidhom has not opined that the plaintiff suffers from disabling pain; to the contrary, he has noted that the "Patient reports adequate analgesia" (Tr. 173, 174). Consequently, the law judge's finding that the record does not substantiate that the plaintiff was experiencing pain of disabling proportions is supported by substantial evidence.

---

[6]The plaintiff argues, without citation to legal authority, that the law judge committed reversible error by failing to ask her the reason for the gaps in her medical treatment (Doc. 25, pp. 15-16). It is the plaintiff's obligation to establish her disability. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003). Therefore, if there was a favorable explanation why she did not seek medical treatment, it was her obligation to present that evidence, especially after the law judge stated at the hearing that the gaps in medical treatment weakened her disability claim (Tr. 285-90; see also Tr. 295). In fact, the record suggests that there is no favorable explanation (see Tr. 288)(when the plaintiff's attorney asked the plaintiff during the hearing if something in her medical records had been missed, she responded that "it's hard for me to say specifically what year things happened and didn't happen.").

-19-

The plaintiff argues that the law judge's credibility determination is insufficient because it did not fully consider "her doctors['] early treatment notes, the consultative examining report of Dr. Marintez [sic], and the treatment she received in the form of three spinal surgeries" (Doc. 25, p. 14). The law judge's decision belies the contention that he did not give this evidence adequate consideration. Thus, for the ample reasons discussed above, he rejected Dr. Martinez's opinion. Further, as indicated, "early treatment notes" do not compel a finding of disability because the law judge could reasonably infer, based on the significant gaps in seeking treatment, that her condition had improved (Tr. 19).

In sum, the law judge articulated reasons for his credibility determination that were rational and supported by the record. Furthermore, the law judge did not completely reject the plaintiff's complaints of pain. To the contrary, he greatly restricted her to sedentary work with a sit/stand option and with limited movement. Accordingly, this court is not authorized to overturn his credibility finding. Arnold v. Heckler, 732 F.2d 881, 883-84 (11th Cir. 1984).

In the middle of two sentences on this issue, the plaintiff throws in, amid other allegations, an assertion of side effects of medication (Doc. 25,

pp. 13, 14). Those asides are insufficient to raise an argument regarding adverse side effects, particularly in light of the scheduling Order. That Order provides that "[t]he plaintiff must identify with particularity the discrete grounds upon which the administrative decision is being challenged" and that "any such discrete challenges must be supported by citations to the record of pertinent facts and by citations of the governing legal standards" (Doc. 13, p. 2). Mentioning side effects of medications in an argument which is entitled "The ALJ Failed to Consider Plaintiff's Subjective Complaints of Pain" and which makes no reference to the governing law or the facts in the record does not adequately raise an issue regarding side effects.

Importantly, the Commissioner did not perceive any contention regarding side effects and did not make any response to such an issue. Particularly in light of the scheduling Order, it would be unfair to the Commissioner to address an issue regarding side effects.

In any event, there does not appear to be any reversible error regarding side effects. The plaintiff did not testify to strong and debilitating side effects, or to any functional limitations that they caused (Tr. 277). More conclusively, the treatment records from Dr. Sidhom, her pain management

physician, state that "[t]here is no evidence of medication induced side effects" (Tr. 173, 174).

D. The plaintiff's final argument is that the law judge erred by failing to find that the plaintiff had a severe mental impairment due to anxiety and depression (Doc. 25, pp. 16-17). This argument also lacks merit.

At the hearing, the plaintiff testified that she has suffered with anxiety for three to four years preceding the hearing (Tr. 279). In particular, she stated that she has panic attacks several times a week for which she takes medications (id.).[7]

The law judge acknowledged the plaintiff's testimony that she suffered from anxiety and explained why he did not find this to be a severe mental impairment (Tr. 17, 18). Thus, the law judge stated (Tr. 18):

> The objective medical evidence of record documented that there was only one report noting some anxiety symptoms. Nevertheless, the claimant did not seek any mental health treatment for her alleged impairment. In addition, the physical examinations of record documented that the claimant was alert and oriented x 3. Further,

---

[7]Although the plaintiff contends in her memorandum that depression was a severe impairment, she failed to develop any argument regarding this alleged ailment and, therefore, any such contention is deemed abandoned (see Doc. 13). Moreover, she did not allege depression in her application, and did not testify to it at the hearing. Under those circumstances, the claim is appropriately disregarded. Street v. Barnhart. 133 Fed. Appx. 621, 627 (11th Cir. 2005)(unpub. dec.).

there were no psychiatric or psychological evaluations in the record to confirm the severity of her anxiety symptoms. Moreover, in March 2005, a neurological examination concluded that the claimant was "alert, oriented, intelligent; had normal affect and judgment." Therefore, the undersigned finds no evidence in the record of an anxiety disorder and concludes that the claimant's allegations of a "severe" anxiety disorder were not supported by the objective medical evidence and other evidence of record and that the claimant's anxiety symptoms caused no more than a slight abnormality having a minimal effect on her ability to work (Ex. F/41, 61-62, 64, 97, 99, 113).

The reasons set forth by the law judge amply support his finding that the plaintiff does not have a severe mental impairment. As the law judge pointed out, the plaintiff did not seek mental health treatment. Further, the plaintiff complained only once to a physician about anxiety, despite allegedly suffering from anxiety attacks for years (see Doc. 25, p. 17). Moreover, no treating or examining doctor has opined that the plaintiff has mental limitations, and the closest any physician has come to opining on a mental impairment is a notation in 2005 that the plaintiff has "poss[ible] anxiety" (Tr. 191). Consequently, the conclusion that the plaintiff does not have a severe mental impairment is supported by substantial evidence.

There certainly is no evidence in the record that compels a finding of a severe mental impairment. Thus, the record is virtually devoid of any evidence of a mental impairment, and it contains nothing from a psychiatrist or psychologist.

It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner of Social Security is hereby **AFFIRMED**. The Clerk shall enter judgment in accordance with this Order and **CLOSE** this case.

DONE and ORDERED at Tampa, Florida, this ___23rd___ day of September, 2009.

_Thomas S. Wilson_

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE